**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| TERESA CARDENAS, THOMAS YOUNG, ISAIAS MARTINEZ, JOSE LUIS VASQUEZ, and SAMUEL TRINIDAD, individually and on behalf of themselves and all other similarly situated persons, known and unknown, | |
| Plaintiffs, | Magistrate Judge Gilbert |
| v. | No. 10-cv-01354 |
| JOHN B. SANFILIPPO & SON, INC., | |
| Defendant. | |

**UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT**

Plaintiffs, Teresa Cardenas, Thomas Young, Isaias Martinez, Jose Luis Vasquez and Samuel Trinidad, individually and as representatives of a Settlement Class of similarly situated persons, by class counsel, Caffarelli & Siegel, respectfully submit the following Motion for Final Approval of the Class Action Settlement Agreement with Defendant John B. Sanfilippo & Son, Inc. "JBSS"). This Court preliminarily approved the Agreement on May 23, 2011. (D.E. 81.)

Plaintiffs alleged that John B. Sanfilippo & Son, Inc. ("JBSS" or "Company") failed to pay a class of current and former hourly non-union employees for all hours worked, including overtime wages. For example, Plaintiffs allege that the Company had a national policy that rounds time to the employees' detriment (hereinafter "rounding policy"). Likewise, Plaintiffs allege that during the relevant time period at the Company's Illinois facility, JBSS did not always pay for time associated with the donning and doffing of required uniforms and other equipment, obtaining and returning said uniforms at the start and end of each work shift, and walking, hand

washing, waiting, and other incidental time (hereinafter "donning and doffing"). Defendant denied liability and asserted several affirmative defenses in this case.

After significant written and oral discovery, extensive direct negotiations, settlement conferences with the Court, and the exchange of supplemental documents and data, the parties have reached a negotiated settlement of the rounding and donning and doffing claims in this case, for $2.6 Million to fully and finally settle any and all wage claims resulting from "off the clock" work including but not limited to time spent donning and doffing work clothes and equipment, time rounded to the detriment of the employee, and any related incidental time related under the FLSA, state wage laws, and state common laws by any non-union, non-office hourly employees who were employed by John B. Sanfillippo & Son, Inc. at any time between February 26, 2007 and February 25, 2011,

On May 23, 2011, the Court granted Plaintiffs' Unopposed Motion for Preliminary Approval of Class Settlement. (D.E. 81.) On June 3, 2011, the parties' agreed upon Class Administrator, Simpluris, Inc., sent out notices and claim forms (in the form approved by the Court) to the class members. (Decl. Tittle ¶ 8, attached as Ex. A.)

This case involves employees who have worked in the following five states: Illinois, Texas, California, Georgia, and North Carolina. There were 3,006 class members. (Ex. A ¶ 6.) The Court preliminary approved the proposed distribution of the settlement funds as follows:

| Total | $2,600,000 |
|---|---|
| Class Distributions | $1,592,834 |
| Attorneys' Fees and Costs | $866,666 |
| Administrator Fees and Costs/ Translation Fees and Costs | $32,000 |
| Service Awards | $35,000 |

Moreover, the Parties' proposed the following formula for the Class Distributions, which is based upon the allegations in the Third Amended Complaint and made on a claims-made basis.

2

Each class member's proportionate share of the Class Distribution has been calculated by the Simpluris as follows:

1. Each class member from Texas, North Carolina, California and Georgia shall receive one share for every week or portion of a week worked between February 26, 2007 and February 25, 2011. The resulting calculation for each Class Member is the "Individual Class Member Numerator."

2. Each class member that worked in Illinois shall receive one share for every week or portion of a week worked between February 26, 2007 and February 25, 2011 plus an additional 1.6 shares for each week or portion of a week worked from February 26, 2007 until June 30, 2009. The resulting calculation for each Class Member is the "Individual Class Member Numerator."

3. Add up all the Individual Class Member Numerators to obtain the "Total Class Member Denominator."

4. To determine the "Resulting Decimal" for each Class Member, divide the Class Member's Individual Class Member Numerator by the Total Class Member Denominator.

5. To determine the settlement share for each Class Member, multiply the Resulting Decimal for each Class Member by the Remaining Settlement Fund (resulting in the Class Member's "Settlement Share").

6. The Settlement Share for each Class Member shall be added to the $10.00 flat payment to determine the Class Member's Settlement Award.

As set forth in the notice sent to class members (copies of which are attached as Exhibit B), class members were required to submit claim forms by August 2, 2011. Simpluris sent letters to members whose forms were deficient. The parties ultimately approved all claims forms (even deficient ones for lack of address, telephone number, date, etc.) unless there was no signature included. The parties jointly agreed to approve claim forms that were postmarked by August 6, 2011 – the end of the week. Claims received thereafter were deemed untimely.

Simpluris has calculated the settlement distribution that class members will receive. A spreadsheet showing each class member's gross settlement share is attached as Exhibit C (with names redacted). The amounts received by each class member are substantial. The majority of

class members will receive settlement shares ranging from several hundred dollars to more then two thousand dollars ($2,000.00). The two thousand dollar figure is equal to approximately two hundred (200) hours of time for the average employee, or five weeks of pay.

Simpluris received 810 claim forms. (Ex. A ¶ 10.) Seven hundred and sixty seven (767) of the claim forms received by Simpluris were valid. (Ex. A ¶ 10.) Stated otherwise, approximately 25.49% of the class submitted valid claim forms to Simpluris, which is on the highest end of the typical return rate for this type of case. (Ex. A ¶ 11.) Forty-three (43) claim forms were invalid because of a duplicate, incomplete for lack of signature, or late submission. (Ex. A ¶ 10.) Additionally, only four (4) class members sought to opt out of the class settlement. (Ex. A ¶ 12.) Moreover, there were no objections to the settlement from class members. (Ex. A at 13.) In accordance with this Court's Preliminary Approval Order and the Class Action Fairness Act, Defendant's counsel sent notice of the proposed settlement to the Attorney General of the United States as well as the Attorney General for Illinois, North Carolina, Georgia, California and Texas. Neither Plaintiff's counsel nor Defendant's counsel have received any objections from these government officials, nor have any of those officials sought to intervene in this action.

Subject to the Court's final approval, the proposed distribution of the settlement funds will be as follows:

| Total | $2,600,000.00 |
|---|---|
| Class Distributions | $546,322.32 |
| Unclaimed Funds Returned to JBSS | $671,793.26 |
| *Cy Pres* to Ronald McDonald House Foundation | $447,862.17 |
| Attorneys' Fees and Costs | $866,666.00 |
| Administrator Fees and Costs | $32,000.00 |
| Translation Fees and Costs | $356.25 |
| Service Awards | $35,000.00 |

4

In light of the lack of objections and high return rate of submitted claim forms, and for the reasons set forth in Plaintiffs' Unopposed Motion for Preliminary Approval of Class Settlement (which explained in detail why the proposed settlement is fair, reasonable, and adequate, and is therefore incorporated by reference herein) (D.E. 72), Plaintiffs request that the Court grant final approval of this class action settlement.

## CONCLUSION

Wherefore, for the reasons set forth above, as well as those outlined in Plaintiffs' Unopposed Motion for Preliminary Approval of Class Settlement, which is specifically incorporated by reference herein, Plaintiffs respectfully request that the Court grant final approval of the proposed class settlement.

Dated: August 31, 2011                                                Respectfully submitted,

Alejandro Caffarelli, #06239078                       TERESA CARDENAS, THOMAS
Marc J. Siegel, # 06238100                               YOUNG, ISAIAS MARTINEZ, JOSE
Bradley Manewith, #06280535                         LUIS VASQUEZ, and SAMUEL
Caffarelli & Siegel Ltd.                                       TRINIDAD, individually and on behalf of
Two Prudential Plaza                                        themselves and all other similarly situated
180 North Stetson Ste. 3150                            persons, known and unknown
Chicago, IL  60601
Tel. (312) 540-1230
Fax (312) 540-1231                                          By: /s/ Marc J. Siegel
                                                                            Attorney for Plaintiffs

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that he caused a copy of the attached, Unopposed Motion for Final Approval of Class Action Settlement, to be served upon the party below by electronically filing with the Clerk of the U.S. District Court of the Northern District of Illinois on August 31, 2011.

Jeffrey A. Risch
Sara M. Stertz
SmithAmundsen LLC
3815 E. Main Street, Suite A-1
St. Charles, Illinois 60147
Ph (630) 587-7910
Fax (630) 587-7960

A courtesy copy was delivered to Judge Gilbert via hand delivery within 24 hours of e-filing.

/s/ Marc J. Siegel
Attorney for the Plaintiffs